[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, William Fears, appeals the judgment of the Hamilton County Court of Common Pleas revoking his community control and sentencing him to a term of incarceration for one count of theft and two counts of forgery, all of which were felonies of the fifth degree as charged. Fears entered a plea of no contest as to two of the three alleged violations of his community control in a hearing conducted before the trial court.
In his first assignment of error, Fears argues that the he was denied due process of law in that the trial court failed to hold a probable-cause hearing, failed to provide him with written notice of the alleged violations, failed to offer him an opportunity to present evidence or to cross-examine witnesses, and failed to issue written findings concerning the reasons for revoking community control. We find no merit in this assignment.
The Supreme Court of the United States has emphasized the flexible nature of due process in the context of parole-revocation proceedings, stating that "[w]hat is needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion [to revoke] will be informed by an accurate knowledge of the parolee's behavior."[1] Ohio courts have adopted this general guideline in determining what constitutes due process in community-control revocation proceedings.[2]
In the case at bar, we find no due-process violation. Contrary to Fears's contention, he was provided with written notice of the alleged violations. The trial court conducted both a probable-cause hearing and a revocation hearing. Fears was afforded a full opportunity to present a defense and to present information in mitigation of sentence. Finally, the trial court explained its reasons for revocation in its written entry sentencing Fears to a term of incarceration. That the court's explanation was brief was immaterial, especially in light of Fears's admission concerning two of the three alleged violations.[3] We accordingly overrule the first assignment of error.
In his second assignment of error, Fears argues that he was denied the effective assistance of trial counsel. Specifically, he maintains that counsel was deficient in failing to object to the alleged due-process violations enumerated under the first assignment of error. Having held that there were no such violations, we also hold that Fears's claim of ineffective assistance of counsel is without merit. The second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Morrisey v. Brewer (1972), 408 U.S. 471, 484, 92 S.Ct. 2593,2602.
[2] See State v. Fitzwater (Dec. 10, 1999), Hamilton App. Nos. C-981005 and C-981006, unreported, jurisdictional motion overruled (2000), 88 Ohio St.3d 1445, 725 N.E.2d 285.
[3] Although Fears asserts on appeal that he was not guilty of the third alleged violation, the trial court explicitly stated that the other two violations were sufficient to trigger revocation. We therefore find no prejudice in the failure of the trial court to conduct a further inquiry into the disputed violation.